Thomas E. Campagne, #065375
Wiley R. Driskill, #253913
Campagne, Campagne & Lerner
A Professional Corporation
Airport Office Center
1685 North Helm Avenue
Fresno, California 93727
Telephone: (559) 255-1637
Facsimile: (559) 252-9617

Attorneys for Defendants Edward L. Fanucchi and Edward D. Fanucchi

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA,

## FRESNO DIVISION

| | |
|---|---|
| LION RAISINS, INC., a California Corporation, <br><br> Plaintiff, <br><br> vs. <br><br> EDWARD L. FANUCCHI and EDWARD D. FANUCCHI <br><br> Defendants. | ) Case No. 1:11-CV-00039-AWI-JLT <br> ) <br> ) <br> ) **DEFENDANTS' OPPOSITION TO** <br> ) **PLAINTIFF'S MOTION FOR REMAND** <br> ) **TO STATE COURT** <br> ) <br> ) Hearing Date: March 7, 2011 <br> ) Hearing Time: 9:00 a.m. <br> ) Department: 2 (Magistrate Judge Thurston) <br> ) <br> ) <br> ) <br> ) |

///

///

///

///

///

///

///

///

///

///

///

CAMPAGNE, CAMPAGNE & LERNER
A PROF. CORP.
AIRPORT OFFICE CENTER
1685 NORTH HELM AVENUE
FRESNO, CALIFORNIA 93727
**TELEPHONE (559) 255-1637**
FAX (559) 252-9617

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR REMAND TO STATE COURT

TABLE OF CONTENTS

Pages

I.   INTRODUCTION ..................................................................................................1

II.  LAW AND ARGUMENT ......................................................................................2

     A.   Jurisdiction Exists In This Federal Court Based On Both (1) Federal Question [28 U.S.C. § 1441(b) and 1331] And/Or (2) The Fact That Defendant Edward L. Fanucchi, Who Is A Member Of The USDA's Federal Raisin Administrative Committee, Who Is Being Sued For Actions Allegedly Taken Under Color Of His Federal Office [28 U.S.C. § 1442(a)(1)]. .....................2

          1.   Federal Question Jurisdiction Exists To Support Removal. [28 USC § 1441(b) and 1331]. ........................................2

          2.   Alternative Federal Court Jurisdiction Under 28 U.S.C. § 1442(a)(1). ..............................................................................3

     B.   This Federal Court Should Not Remand This Action Back To State Court Based Merely Upon Plaintiff Lion's Hollow Argument That Federal Agent Fanucchi's Removal Was "Premature." This Is Because The Claims Plaintiff Lion Seeks To Assert Against Fanucchi (1) Clearly Involve Federal Claim Jurisdiction, And Clearly Involves A Federal Committee Member And Clearly Will Inevitably End Up Again In The District Court Eventually. ...............................................................6

     C.   Plaintiff Lion's Assertion That Lion Intends To Later Seek Leave From The Arbitrator To File A Different Second Amended Arbitration Demand, Provides No Basis For Remand. This Is Because The "*Proposed*" Second Amended Demand Contains Nearly Identical Federal Claims (As Does Current First Amended Demand) And Still Sues Federal Agent Fanucchi For Actions As A Member Of The Federal Marketing Order (RAC). ...................................................................7

     D.   At The Very Least, The Court Should "*Stay*" Ruling On Plaintiff's Remand Motion Until Defendants Obtain "*Westfall Certification*" From The Attorney General That, Even Assuming The Incidents Alleged In The Complaint Are True, Defendant Edward L. Fanucchi Was Acting Within The Course And Scope Of His Federal Duties As A Member Of The RAC. (28 U.S.C. § 2679.) ...............................................8

III. CONCLUSION....................................................................................................11

CAMPAGNE, CAMPAGNE & LERNER
A PROF. CORP.
AIRPORT OFFICE CENTER
1685 NORTH HELM AVENUE
FRESNO, CALIFORNIA 93727
TELEPHONE (559) 255-1637
FAX (559) 252-9617

## I.     INTRODUCTION

Defendants Edward L. Fanucchi and Edward D. Fanucchi (hereinafter "*Defendants*" and/or "*Fanucchi*") hereby submit this brief in opposition to Plaintiff Lion Raisin's (hereinafter "*Plaintiff*" and/or "*Lion*") motion for remand to state court.

Plaintiff Lion contends that the removal was allegedly improper because (1) neither federal question nor diversity jurisdiction is present; and, (2) Defendant's removal was premature because Lion's "*proposed*" Amended Arbitration Complaint/Demand has not yet been technically filed and approved by the assigned AAA Arbitrator (i.e. the Arbitrator had not yet officially given Plaintiff permission (leave) to file its Amended Arbitration Complaint/Demand at the time Defendants filed for removal).

As to Lion's first contention, while admittedly diversity is lacking, Plaintiff Lion's claims are removable to federal court because: (1) Plaintiff Lion is expressly alleging a violation of "*federal antitrust laws*," [See, 28 USC § 1441(b) and § 1331]; and/or (2) Plaintiff Lion is suing Defendant Fanucchi as a member (i.e. federal officer) of the federal Raisin Administrative Committee (RAC), a department of the federal Secretary of Agriculture, in his individual capacity for acts of Defendant Fanucchi allegedly taken under the color of his federal office and authorized by federal regulations. [See, 28 U.S.C. § 1442(a)(1)].

As to Lion's second contention, Plaintiff has provided no apposite authority (and Defendants could not locate any) that somehow the removal from AAA arbitration is premature.  However, even if Defendant's removal was "*potentially premature*" (given that the AAA Arbitrator had not yet given Plaintiff Lion any permission to formally file the Amended Arbitration Complaint/Demand containing the claims upon which federal jurisdiction is premised), if the Court remands now (pursuant to Plaintiff's instant motion), and the Arbitrator then grants Plaintiff permission to file the amended arbitration demand, Defendants will be forced to simply again remove the case once more to this Court.  The interests of "*judicial economy*" weigh against forcing such an unnecessary procedural round-robin.  Accordingly, the Court should now deny remand so that this

CAMPAGNE, CAMPAGNE & LERNER
A PROF. CORP.
AIRPORT OFFICE CENTER
1685 NORTH HELM AVENUE
FRESNO, CALIFORNIA 93727
TELEPHONE (559) 255-1637
FAX (559) 252-9617

Federal Court can exercise its jurisdiction to hear Plaintiff's claims, which quite obviously arise under federal law.

## II.   LAW AND ARGUMENT

**A.   Jurisdiction Exists In This Federal Court Based On <u>Both</u> (1) Federal Question [28 U.S.C. § 1441(b) and 1331] <u>And/Or</u> (2) The Fact That Defendant Edward L. Fanucchi, Who Is A Member Of The USDA's Federal Raisin Administrative Committee, Who Is Being Sued For Actions Allegedly Taken Under Color Of His Federal Office [28 U.S.C. § 1442(a)(1)].**

**1.   Federal Question Jurisdiction Exists To Support Removal. [28 USC § 1441(b) and 1331].**

Plaintiff Lion argues that no "*federal question*" jurisdiction exists under 28 U.S.C. § 1441(b) because all of the claims set forth in its amended arbitration demand are based upon state law. (See, Doc. 13, 6:11-22.)  This argument simply ignores the express allegations and express wording of the complaint.  Lion alleges quite plainly that Edward L. Fanucchi violated "*federal anti-trust laws*" by conspiring with the Raisin Bargaining Association ("*RBA*") in his capacity as a member of the federal USDA's Raisin Administrative Committee ("RAC") to allegedly improperly fix the price of raisins at $1,310.00 per ton.  (See, Doc. 15-2, p. 23, ¶11.)  Thus, Plaintiff Lion's invocation of federal law could hardly be any clearer.  To determine whether Mr. Fanucchi did in fact violate federal anti-trust laws obviously requires resolution of a substantial question of federal law (i.e. federal anti-trust statutes and federal marketing order laws and regulations) and thus the Lion's claim obviously "*arises under federal law*" and is removable into Federal Court.  (<u>Franchise Tax Brd. v. Laborers Vacation Trust</u> (1983) 463 U.S. 1, 13, superseded on unrelated grounds.)

Neither <u>Lippitt v. Raymond James Fin. Servs.</u> (9th Cir. 2003) 340 F.3d, 1033, nor <u>Hendricks v. Dynegy Power Marketing, Inc.</u> (S.D. Cal. 2001) 160 F.Supp.2d 1155, cited by Plaintiff, compels any different conclusion.  In neither of those cases, as opposed to here, did the Plaintiff expressly allege a violation of federal law and seek a remedy as a result.  As the <u>Lippitt</u> court itself noted, "*Whether a case is one arising under the Constitution or a law or treaty of the United States…must be determined from what*

CAMPAGNE, CAMPAGNE & LERNER
A PROF. CORP.
AIRPORT OFFICE CENTER
1685 NORTH HELM AVENUE
FRESNO, CALIFORNIA 93727
**TELEPHONE (559) 255-1637**
FAX (559) 252-9617

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR REMAND TO STATE COURT

Page 2

*necessarily appears in the **plaintiff's statement of his own claim**[.]"* (Lippitt, *supra*, at 1040 [emphasis added], quoting, Taylor v. Anderson (1914) 234 U.S. 74, 75-76.)

**2.    Alternative Federal Court Jurisdiction Under 28 U.S.C. § 1442(a)(1).**

As Plaintiff Lion's own arbitration demand (complaint) concedes, Defendant Edward L. Fanucchi is a board member of the federal marketing order known as the Raisin Administrative Committee (RAC). Defendant Fanucchi, as provided under the federal raisin marketing order (regulations), was appointed to the RAC's Board by the federal Secretary of Agriculture. As such, a RAC Board member, Mr. Fanucchi, is charged by the Secretary of Agriculture with administering the federal raisin Marketing Order.  (Doc. 15-2, p. 22, ¶ 1.)

The Raisin Administrative Committee is a federal administrative agency. The Secretary of Agriculture of the United States Department of Agriculture (hereinafter referred to as the "*USDA*") promulgates and enforces regulations known as the Federal Raisin Marketing Order, at 7 CFR. part 989  *et seq*. (hereinafter referred to as the "*Marketing Order*") pursuant to the Secretary of Agriculture's authority to control the quality and quantity of raisins sold, which the USDA's authority is set forth in the Federal Agricultural Marketing Agreement Act of 1937, as amended, and 7 U.S.C. §601, *et seq.* Under the terms of the Marketing Order, the USDA established the Raisin Administrative Committee (hereinafter referred to as the "*RAC*") to "*administer the terms and provisions of [the Raisin Marketing Order].*"  (7 C.F.R. § 989.35(a.)[1]   "*The authority to 'administer' the Raisin Marketing Order is essentially the power to apply the Order.*" (Midway v. USDA (9th Cir. 1999) 188 F.3d 1136, 1140.)  Pursuant to its charge, the RAC

---

[1] "*The United States Department of Agriculture ('Department') is responsible for the promulgation and enforcement of the Federal Raisin Marketing Order ('Raisin Marketing Order') pursuant to 7 U.S.C. §601, et seq.  Under the Raisin Marketing Order, raisin handlers must account for the disposition of off-grade raisins, other failing raisins, and raisin residue material.  To administer the marketing order regulating the handling of California raisins, see 7 C.F.R. Part 989, the Secretary of Agriculture ('Secretary') established a Raisin Administrative Committee ('Committee').  See id. §989.26.*"  (Midway v. USDA (9th Cir. 1999) 188 F.3d 1136, 1138.)

CAMPAGNE, CAMPAGNE & LERNER
A PROF. CORP.
AIRPORT OFFICE CENTER
1685 NORTH HELM AVENUE
FRESNO, CALIFORNIA 93727
**TELEPHONE (559) 255-1637**
FAX (559) 252-9617

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR REMAND TO STATE COURT

regulates the industry by setting the amount of raisins that may be sold and the amount which must be held in "*reserve*," establishes minimum grade and condition standards, and oversees an export program.[2]    Additionally, the RAC makes rules and regulations to effectuate the Marketing Order and to "*'receive, investigate, and report to the Secretary complaints of violations of' the Raisin Marketing Order.*" (7 C.F.R. § 989.35; Midway, *supra*, 188 F.3d at 1140.)  Indeed, the RAC has "*the duty 'to investigate compliance and to use means available to it to prevent violations of [the Raisin Marketing Order].'*" (Id.; citing 7 CFR §989.36.)  Thus, the RAC has the power to administer the terms of the Marketing Order, make rules and regulations to effectuate the Marketing Order, to remand to the Secretary of Agriculture amendments to the Marketing Order, and to "*receive, investigate, and report to the Secretary complaints of violations of this part.*" (7 C.F.R. § 989.35.)

The RAC is comprised of forty-seven (47) members of the Board and forty-seven (47) alternates. All are appointed to the federal job by the Secretary of Agriculture. Nominations (for the Secretary of Agriculture's appointment to those seats) are divided between the RBA, Sun-Maid Growers of California, and independent growers and handlers. Additionally, there is one (1) member and one (1) alternative who represents the public.  Defendant Edward L. Fanucchi was and still is one of the RBA board members

---

[2] Allied Canners & Packers, Inc. v. Victor Packing Co. (1984) 162 Cal.App.3d 905, 907 ["*The Raisin Administrative Committee (RAC), established pursuant to a federal marketing order, determines the amount of raisins which may be sold as 'free' raisins (those which may be sold anywhere but are usually sold in the United States or Canada due to the prices available), and the amount which must be sold as 'reserve' raisins (those which may be sold only outside the Western Hemisphere or to certain government –sponsored programs).*"]; In Re Dettman (9th Cir. 1988) 84 B.R. 662, 663 [noting that RAC administers the Federal program of the Raisin Diversion Program whereby farmers are compensated for foregoing raisin production]; and Lion Bros. v. USDA (E.D. Cal 2005) 2005 U.S. Dist.LEXIS 36744, 3-4 [Judge Coyle stated that "*pursuant to its authority under the Agricultural Marketing Agreement Act of 1937, as amended 7 U.S.C. §601 et seq., (the '1937 Act'), the USDA has also established a marketing order regulating the handling of raisins produced from grapes grown in California and established minimum grade and condition standard for both national conditions and packed California raisins (the 'Raisin Marketing Order' or 'Order').  The Raisin Marketing Order is set forth in Title 7, part 989 of the Code of Federal Regulations.  The Raisin Administrative Committee ('RAC') is appointed by the USDA to oversee the Raisin Marketing Order.*"].

CAMPAGNE, CAMPAGNE & LERNER
A PROF. CORP.
AIRPORT OFFICE CENTER
1685 NORTH HELM AVENUE
FRESNO, CALIFORNIA 93727
**TELEPHONE (559) 255-1637**
FAX (559) 252-9617

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR REMAND TO STATE COURT    Page 4

who was nominated and appointed by the federal Secretary of Agriculture as a member of the RAC.

Here, one of the principal allegations underlying Plaintiff Lion's "*unfair competition*" and "*trade defamation*" claims is the allegation that Edward L. Fanucchi somehow violated "*federal and state antitrust laws*" while serving on the federal RAC by conspiring with the RBA and the RAC to "*attempt to artificially inflate the price for the 2008 crop by submitting false (RAC) government reports that low-balled the projected supply of raisins (to the Secretary of Agriculture)*." Although it is unclear from the Lion complaint exactly what "*false government reports*" of the RAC that Lion Raisins is referring to, any "*reports*" submitted by the RAC to the Secretary of Agriculture in August 2008 would have all been the raisin "*trade demand*" computations that the RAC is required  by federal law to compute and submit to the Secretary for his consideration pursuant to 7 C.F.R. § 989.54(a). Furthermore, on or before October 5th of each crop year, the RAC is required under 7 C.F.R. § 989.54(b) to estimate the production of all raisin varietal types for which it has computed a trade demand, and to eventually submit such information to the Secretary. (7 C.F.R. § 989.54.) The Secretary is then authorized under 7 C.F.R. § 989.55 to consider the information supplied by the RAC, and based on said information, the Secretary may then designate the final "*free*" and "*reserve*" percentages of raisins to be maintained in order to effectuate the policies of the Agricultural Marketing Act.

As a member of the RAC appointed by the Secretary of Agriculture, any role Edward L. Fanucchi may have had in submitting the RAC reports to the federal USDA government (regarding the projected supply of 2008 raisins) would be solely within his capacity as an RAC member. Indeed, Plaintiff Lion's Amended Arbitration Complaint/Demand alleges that Mr. Fanucchi and the RAC were acting in unison as one

CAMPAGNE, CAMPAGNE & LERNER
A PROF. CORP.
AIRPORT OFFICE CENTER
1685 NORTH HELM AVENUE
FRESNO, CALIFORNIA 93727
**TELEPHONE (559) 255-1637**
FAX (559) 252-9617

entity.[3]  Any person (such as a member of the federal marketing board) sued in his individual capacity for any act taken under in his capacity as an agent or officer of the United States or any federal agency may remove that action into the federal district court. [28 U.S.C. § 1442(a)(1).]  Accordingly, since Mr. Fanucchi is being sued for alleged acts taken by him in his role as a member of the federal RAC/USDA, this Court clearly has removal jurisdiction under § 1442(a)(1).

**B.      This Federal Court Should Not Remand This Action Back To State Court Based Merely Upon Plaintiff Lion's Hollow Argument That Federal Agent Fanucchi's Removal Was "Premature." This Is Because The Claims Plaintiff Lion Seeks To Assert Against Fanucchi (1) Clearly Involve Federal Claim Jurisdiction, And Clearly Involves A Federal Committee Member And Clearly Will Inevitably End Up Again In The District Court Eventually.**

Plaintiff also argues that Defendant's removal notice was premature because the Amended Arbitration Complaint/Demand containing the claims conferring federal jurisdiction has not technically been filed yet with the AAA because the appointed arbitrator has not yet permitted the amendments' filing (which is discretionary).  (See, Doc. 13, 6:9-11; Doc. 15, 4:13-15.)

It is correct that the AAA appointed arbitrator has not yet ruled on whether Plaintiff's amended arbitration demand may be filed (with leave to amend). Plaintiff Lion has not cited any case law. Defendants Fanucchi have been unable to find any case law on point as to exactly when the period for removability under 28 U.S.C. § 1446(b) is triggered in the context of an "*amended arbitration demand*", as opposed to the usual situation of an amended complaint in state court (in which the period begins running upon the amended complaint's actual filing with leave to Court; see, Sullivan v. Conway (7th Cir. 1998) 157 F.3d 1092, 1094).  Defendants Fanucchi furthermore have not found any cases holding that removal is "*premature*" because an arbitrator has not yet ruled on whether the amended pleading will be permitted.  However, even if Defendants' current

---

[3] I.e. Lion alleges as follows: "*In August 2008, the RBA and RAC (i.e. ELF [Edward L. Fanucchi]) attempted to artificially inflate the price for the 2008 crop by submitting false government reports that low-balled the projected supply[.]*" (Doc. 15-2, p. 22, ¶3.)

CAMPAGNE, CAMPAGNE & LERNER
A PROF. CORP.
AIRPORT OFFICE CENTER
1685 NORTH HELM AVENUE
FRESNO, CALIFORNIA 93727
**TELEPHONE (559) 255-1637**
FAX (559) 252-9617

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR REMAND TO STATE COURT          Page 6

removal could technically be considered "*premature*" in this case, it would exalt "*form over substance*" and would clearly be a waste of judicial resources to remand the matter back to the state court (or to the arbitrator) merely to have the case immediately removed again (back to Federal Court) once the arbitrator permits or grants leave to file the Amended Demand/Complaint.  As set forth above, there is simply no doubt that this Court has federal jurisdiction over the claims in the amended demand, against a federal agent of the federal marketing order.  Thus, the claims will inevitably end up in this Court.  The Court need not go through a futile "*round robin*" of remanding the matter back to state court, only to have it end up back on the district court docket a few months from now after a second removal is filed.  (General Ins. Co. of America v. Pathfinder Petroleum Co. (9th Cir. 1944) 145 F.2d 368, 372 ["*The law neither does nor requires idle acts*"].)

**C.** **Plaintiff Lion's Assertion That Lion Intends To Later Seek Leave From The Arbitrator To File A Different <u>Second</u> Amended Arbitration Demand, Provides <u>No</u> Basis For Remand. This Is Because The "*Proposed*" Second Amended Demand Contains Nearly Identical Federal Claims (As Does Current First Amended Demand) And Still Sues Federal Agent Fanucchi For Actions As A Member Of The Federal Marketing Order (RAC).**

The declaration of Lion's attorney, Wesley Green, filed with Plaintiff Lion's motion, states that Plaintiff Lion intends to later ask the Arbitrator for leave (permission) to file a <u>second</u> amended arbitration demand, and he attaches the proposed second amended demand as Exhibit "*L*".  (See, Doc. 15, 4:20-24.)  It is fairly obvious from this draft of the possible second amended demand that Plaintiff Lion's claims have merely been artfully "*reworded*" <u>slightly</u>, solely in an effort to avoid federal question jurisdiction. (For example, Lion drops the words suing for federal and state law constitute violations.) However, the substance of the Lion claims remain the same.  Defendant Edward L. Fanucchi is still being sued (as a federal agent working for the Secretary of Agriculture on the RAC federal marketing committee) for allegedly attempting to "*fix*" raisins prices by submitting allegedly "*false government reports*" to the Secretary of Agriculture (in Fanucchi's capacity as an appointed member of the federal RAC).  (See, Doc. 15-2, p. 28, ¶3.)  Also, the second amended arbitration demand still conflates Mr. Fanucchi and the

CAMPAGNE, CAMPAGNE & LERNER
A PROF. CORP.
AIRPORT OFFICE CENTER
1685 NORTH HELM AVENUE
FRESNO, CALIFORNIA 93727
**TELEPHONE (559) 255-1637**
FAX (559) 252-9617

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR REMAND TO STATE COURT

Page 7

RAC as essentially being the same federal marketing order entity (i.e. "*In August 2008, the RBA and RAC (i.e. ELF [Edward L. Fanucchi]) attempted to artificially inflate the price for the 2008 crop by submitting false government reports that low-balled the projected supply*"). (Id.) Thus, even if the proposed second amended demand's claims were ever eventually given leave for filing; federal court jurisdiction would still exist under § 1442(a)(1) since Mr. Fanucchi is still clearly being sued for acts he allegedly undertook in his role as a member of the federal RAC, working for the Secretary of Agriculture. Plaintiff Lion cannot avoid this result simply by now disclaiming that Lion would not later assert any violation of federal law. First, Lion's is still suing an officer/agent of the federal Secretary of Agriculture regarding federal marketing order matters. And second, it is the substance of the claims that matter. Even if they are amended a second time as Plaintiff proposes, the claims still confer federal jurisdiction. (Sullivan v. American Airlines, Inc. (2nd Cir. 2005) 424 F.3d 267, 273 [a plaintiff may not defeat federal subject matter jurisdiction by "*artfully pleading*" his claim as one arising solely under state law].) Thus, this Court should exercise jurisdiction and deny remand regardless of Plaintiff's proposed second amended claims.

**D.    At The Very Least, The Court Should "*Stay*" Ruling On Plaintiff's Remand Motion Until Defendants Obtain "*Westfall Certification*" From The Attorney General That, Even Assuming The Incidents Alleged In The Complaint Are True, Defendant Edward L. Fanucchi Was Acting Within The Course And Scope Of His Federal Duties As A Member Of The RAC.  (28 U.S.C. § 2679.)**

As argued above, Defendant Fanucchi argues that this litigation now belongs in this Federal Court on three (3) separate and independent grounds:

1.    Federal Question Jurisdiction exists under 28 U.S.C. § 1441(b) and § 1331, because it is an antitrust suit;

and/or

2.    The Federal Court has jurisdiction under 28 U.S.C. § 1442(a)(1), because this is a suit against a Federal agent/Defendant Fanucchi

CAMPAGNE, CAMPAGNE & LERNER
A PROF. CORP.
AIRPORT OFFICE CENTER
1685 NORTH HELM AVENUE
FRESNO, CALIFORNIA 93727
**TELEPHONE (559) 255-1637**
FAX (559) 252-9617

(since Fannuchi is a USDA appointed committee member of the RAC);

and/or

3. The Attorney General will be "*certifying*" (under 28 U.S.C. § 2679) the alleged actions of Defendant Fanucchi as being within the scope of his duties as a RAC committee member. Then the United States will substitute into the suit (in place of Defedant Fanucchi) and the matter shall remove to and remain in Federal Court.

In other words, as noted above, 28 U.S.C. § 1442(a)(1) provides that any federal agent sued in his individual capacity for acts arguably taken in the course of his duties may remove the case to federal district court. Additionally, 28 U.S.C. § 2679 (i.e., Attorney General Certification discussed below) provides a related, although underline entirely independent basis for removal of this action under which removal is underline mandatory at any time prior to trial.

The federal district courts shall have "*original jurisdiction*" over any claim for money damages caused by the alleged wrongful acts of an "*employee of the Government*" undertaken within the scope or office of his employment. (28 U.S.C. § 1346.) Accordingly, pursuant to the procedure set forth at 28 U.S.C. § 2679 (a.k.a. the Westfall Act a.k.a. the A.G. Certification Statute), a government employee sued in his individual capacity may petition the Attorney General for a "*certification*" that the underlying acts for which the employee is being sued are within the scope of his employment or done under the color of his office. (28 U.S.C. § 2679(c).) Once the Attorney General's certification has been obtained, the action shall be considered one against the United States and "***shall be removed****…at any time before trial…to the district court of the United States[.]*" (28 U.S.C. § 2679(d)(2).)

An "*employee of the government*" includes any person "*acting on behalf of a federal agency in an official capacity, temporarily or permanently in the service of the United States, whether with or without compensation[.]*" (28 U.S.C. § 2671.) Here, as

CAMPAGNE, CAMPAGNE & LERNER
A PROF. CORP.
AIRPORT OFFICE CENTER
1685 NORTH HELM AVENUE
FRESNO, CALIFORNIA 93727
TELEPHONE (559) 255-1637
FAX (559) 252-9617

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR REMAND TO STATE COURT

noted above and as alleged in Plaintiff's amended arbitration demand, Edward L. Fanucchi is an appointed member of the federal Raisin Administrative Committee, which is a federal agency established by the Secretary of Agriculture. (See, footnotes 1 and 2, *supra*.) Mr. Fanucchi was appointed to the RAC by the Secretary of Agriculture himself.

Also, as noted above, Plaintiff Lion clearly alleges that while Mr. Fanucchi was acting in his capacity as an RAC board member, that Mr. Fanucchi (and the RAC itself) attempted to illegally "*fix*" the price of raisins by submitting fraudulent governmental reports about the projected raisin supply to the Secretary of Agriculture. (Doc. 15-2, p. 22, ¶3.)  The RAC (through its board/committee members such as Ms. Fanucchi) is required by federal regulation to submit reports annually to the Secretary of Agriculture regarding the projected supply and demand of raisins. (7 C.F.R. § 989.54.) Thus, there is no doubt that Plaintiff Lion's claims against Fanucchi arise out of actions that Defendant Fanucchi allegedly undertook in his capacity as an "*employee of the government*" (i.e. an appointed committee member of the RAC).  Defendant Fanucchi therefore is in the process of preparing and submitting a petition for the Attorney General's "*certification*" that the aforementioned allegations are within the scope of Mr. Fanucchi's duties as an RAC member.

Removal to this Court is <u>mandatory</u> once the Attorney General's certification is obtained (as it almost certainly will be based on Plaintiff Lion's allegations). (See, 28 U.S.C. § 2679(d)(2).)  Therefore, it would make little sense for this Federal Court to remand this action now (even if there was some technical basis for doing so) when the matter will be <u>required</u> to be removed back to this Court once again after the Attorney General grants certification.  Remand would merely increase the attorney's fees for all parties for what would essentially be a needless exercise in futility.  The bottom line is that in all likelihood, this Federal Court is eventually going to end up hearing the Lion claims pursuant to § 2679(d).  Thus, as a practical matter, it would make more sense for the Court to now stay the hearing on Plaintiff's instant Motion until the Attorney General has rendered its decision on certification under § 2679(d).

CAMPAGNE, CAMPAGNE & LERNER
A PROF. CORP.
AIRPORT OFFICE CENTER
1685 NORTH HELM AVENUE
FRESNO, CALIFORNIA 93727
**TELEPHONE (559) 255-1637**
FAX (559) 252-9617

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR REMAND TO STATE COURT

Page 10

## III.   CONCLUSION

Based on the foregoing, it is without question that this Court has federal court subject matter jurisdiction over the claims set forth in Plaintiff's amended arbitration demand, based on either: (1) federal Statute question jurisdiction under 28 U.S.C. § 1441 and 1331, or (2) on 28 U.S.C. § 1442(a)(1) since this is a suit against a federal agent of the RAC; and/or (3) eventually on 28 U.S.C. 2679 (Westfall Certification).

Furthermore, Plaintiff has set forth no authority (and Defendants have been unable to locate any) to suggest that Defendants' removal was somehow "*premature.*" However, even if the removal notice could somehow be considered technically "*premature*," practical considerations dictate that the Court should deny remand, since the suit will end up back in the district court eventually in any event.

At the very least, Defendants request that this Court "*stay*" the hearing on this motion for a period sufficient to allow the Attorney General to render certification under 28 U.S.C. § 2679.

Dated: February 18, 2011                 Respectfully submitted,

Campagne, Campagne & Lerner,
A Professional Corporation

By     /s/ Thomas E. Campagne
       Thomas E. Campagne
Attorneys  for Defendants Edward L. Fanucchi
and Edward D. Fanucchi

By     /s/ Wiley R. Driskill
       Wiley R. Driskill
Attorneys  for Defendants Edward L. Fanucchi
and Edward D. Fanucchi

slt:F:\DATA\docs\RBA\Fanucchi\Pleadings\Federal Caption.doc

CAMPAGNE, CAMPAGNE & LERNER
A PROF. CORP.
AIRPORT OFFICE CENTER
1685 NORTH HELM AVENUE
FRESNO, CALIFORNIA 93727
**TELEPHONE (559) 255-1637**
FAX (559) 252-9617

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR REMAND TO STATE COURT                 Page 11