IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LION RAISINS, INC., | Case No. 1:11-cv-00039 AWI JLT |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT THE MOTION TO REMAND BE GRANTED AND THE REQUEST FOR ATTORNEY'S FEES BE DENIED |
| vs. | |
| EDWARD L. FANUCCHI, et al., | |
| Defendants. | (Docs. 11 & 12) |

Before the Court is Plaintiff Lion Raisins' motion to remand this action to the Fresno County Superior Court/American Arbitration Association and request for attorney's fees and costs. (Docs. 11-15.) Defendants Edward L. Fanucchi and Edward D. Fanucchi (collectively "Defendants") have filed an opposition to the motion (Doc. 18), and Plaintiff has filed a reply (Doc. 19). In addition, on March 7, 2011, the parties appeared before the Court for hearing on this matter. Upon consideration of the parties' arguments in their submitted papers and at hearing, the Court recommends that the motion to remand be **GRANTED** and the request for attorney's fees be **DENIED**.

I.   BACKGROUND

On June 22, 2009, Defendants filed a small claims action in the Fresno County Superior Court for a breach of contract against Plaintiff. (Doc. 13 at 2.) The small claims court subsequently entered judgment in favor of Defendants in the amount of $2,412. (Id.)

1

On November 30, 2009, Plaintiff appealed the decision of the small claims court, removing jurisdiction over the matter to the Fresno County Superior Court. (Id.) Plaintiff then filed a motion to compel arbitration and requested a stay of the small claims appeal. (Id.) On May 12, 2010, the Fresno County Superior Court granted Plaintiff's motion. (Id.) The small claims appeal was stayed and the small claims action, along with Plaintiff's claim to recover an advanced payment made to Defendants, was transferred to the American Arbitration Association ("AAA") for decision. (Id.)

On November 29, 2010, Plaintiff filed a proposed amended demand for arbitration ("proposed amended demand") with the AAA. (Id. at 3.) Plaintiff sought to amend its pleadings to include the following causes of action: (1) unjust enrichment; (2) unfair competition; (3) trade defamation; and (4) breach of arbitration clause. (Doc. 15-2 at 21-25.) The proposed amended demand was served upon Defendant Edward L. Fanucchi by email and delivered to Defendants' law firm by mail on November 29, 2010. (Doc. 13 at 3.)

On December 29, 2010, the AAA suspended the case without deciding whether Plaintiff would be allowed to proceed on the proposed amended demand. (Doc. 15 at ¶ 16.) The AAA informed Plaintiff that the case had been suspended because Defendants had not submitted their deposit for the compensation of the arbitrators. (Id.) The AAA also cautioned Plaintiff that the case would be closed altogether if Defendants did not submit their deposit within three months. (Id.)

On January 10, 2011, Defendants filed a notice of removal in this Court. (Doc. 1.) Defendants argue therein that removal is proper because the proposed amended demand contains claims arising under federal antitrust laws. (Doc. 1 at 4.) On January 27, 2011, Plaintiff filed the instant motion to remand. (Docs. 11-15.) Defendants filed their opposition to the motion on February 18, 2011. (Doc. 18.) Plaintiff filed its reply on February 28, 2011. (Doc. 19.)

**II.    THE PARTIES' ARGUMENTS**

    **A.    Plaintiff's Motion to Remand**

Plaintiff argues that this matter should be remanded to the Fresno County Superior Court/AAA because (1) Defendants' notice of removal was untimely, (2) this Court lacks subject matter jurisdiction over this matter, and (3) the Federal Arbitration Act establishes a federal policy favoring the arbitration of commercial disputes.

First, Plaintiff argues that Defendants were served with the proposed amended demand, which forms the basis for the removal, on November 29, 2010, but did not file the notice of removal until January 10, 2011. (Doc. 13 at 4.) Because this was beyond the thirty-day time frame provided by § 1446(a), Plaintiff asserts that Defendants' notice of removal was untimely. (Id. at 4-5.)

Second, Plaintiff contends that this Court lacks diversity jurisdiction because all parties to this action are citizens of California. (Id. at 5.) In addition, Plaintiff contends that this Court lacks federal question jurisdiction because the proposed amended demand asserts claims arising under state law, not federal law. (Id. at 6-7.) Thus, in Plaintiff's view, because there is neither diversity of citizenship between the parties nor a federal question posed in the proposed amended demand, this Court lacks subject matter jurisdiction over this case. (See id. at 5-7.)

Third, Plaintiff contends that the Federal Arbitration Act establishes a federal policy favoring arbitration of commercial disputes. (Id. at 7.) Plaintiff argues that for this reason, this Court should not disrupt the state court's ruling requiring this matter be decided in arbitration. (Id. at 8.)

**B.     Defendants' Opposition**

Defendants counter that removal is proper pursuant to 28 U.S.C. §§ 1441(b) and 1442(a)(1). Defendants contend that removal is proper under 28 U.S.C. § 1441(b) because the proposed amended demand explicitly alleges that Defendants conspired to fix the prices of raisins in violation of federal antitrust laws. (Doc. 18 at 4-5.) Defendants contend that removal is also proper pursuant to 28 U.S.C. §1442(a)(1) because Plaintiff is suing Defendant Edward L. Fanucchi for actions taken in his role as board member of the Raisin Administrative Committee, a federal agency. (Id. at 5-8.)

In regard to timing, Defendants contend that even if their notice of removal was prematurely filed, it would be a waste of judicial resources to remand this action only to have it removed again in the future. (Id. at 8-9.) Defendants assume that the arbitrators will inevitably grant Plaintiff leave to file the proposed amended demand. (See id. at 9.) Moreover, to the extent that Plaintiff indicates its intention to file a second amended demand for arbitration, Defendants argue that the proposed second amended demand for arbitration is similarly subject to removal pursuant to 28 U.S.C. §§ 1441(b) and 1442(a)(1). (Id. at 9-10.) Thus, in Defendants' view, remand would be futile. (Id. at 9.)

Lastly, Defendants argue that at the very least, the Court should issue a stay of the proceedings

3

while Defendants obtain "Westfall certification" pursuant to 28 U.S.C. § 2679. (Id. at 11.) Pursuant to 28 U.S.C. § 2679(c), a federal employee sued in his individual capacity may petition the United States Attorney General for a "certification" that the underlying acts for which the employee is being sued are within the scope of his employment or done under the color of his office. Once certified, the employee is dismissed from the action, the action is considered one against the United States, and the case "shall be removed . . . at any time before trial . . . to the district court of the United States." 28 U.S.C. § 2679(d)(2). According to Defendants, Defendant Edward L. Fanucchi will be able to obtain "Westfall certification" because his actions were taken in his capacity as a board member of a federal agency.

### C.     Plaintiff's Reply

In reply, Plaintiff reiterates that Defendants' notice of removal was untimely, this Court lacks subject matter jurisdiction over this matter, and the Federal Arbitration Act establishes a federal policy favoring the arbitration of commercial disputes. (Doc. 19 at 1-6.)

## III.    DISCUSSION

### A.     Removal

The timeliness of removal is governed by 28 U.S.C. § 1446(b), which provides:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
>
> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title [28 U.S.C. § 1332] more than 1 year after commencement of the action.

28 U.S.C. § 1446(b). See Harris v. Bankers Life & Cas. Co., 425 F.3d 689, 694-95 (9th Cir. 2005) (Section 1446(b) provides two thirty-day windows in which a defendant may properly file a notice of removal in federal court).

### i.     If the Court assumes the content of the proposed amended demand outlined a basis for removability, the matter was not timely removed.

The proposed amended demand was filed with the AAA and served upon the defendants on

4

1  November 29, 2011.  (Doc. 15 at 3-4.)  If the Court assumes for purposes of argument here, that the
2  proposed amended arbitration demand constitutes "an amended pleading, motion, order or other paper"
3  that gave notice of the matter's removability, the notice of removal was required to be filed no later than
4  30 days later, or by December 29, 2010.  See 28 U.S.C. § 1446(b).  The notice of removal, however, was
5  not filed until January 10, 2011.  This is untimely and Defendants offer no argument or legal authority
6  to the contrary.

7  Thus, the Court concludes that *if* the amended proposed arbitration demand, with its arguable
8  federal law claims, constitutes an "other paper" that gave Defendants notice of removability, the matter
9  was still not timely removed. However, for the reasons set forth below, the Court concludes that the
10 proposed amended arbitration demand did not place Defendants on notice of the removability of the state
11 court action.

12       **ii.**      **Until the arbitration claim is actually amended, there is no basis for**
13             **removability.**

14 The parties do not dispute that the initial pleadings in state court did not reveal a basis for
15 removal and therefore, the first thirty-day window for filing a notice of removal did not apply.  The
16 question at the heart of this matter is whether the second thirty-day period for filing a notice of removal
17 was triggered when Plaintiff served the proposed amended demand on Defendants.  This depends on
18 whether the *proposed* amended demand can be considered "an amended pleading, motion, order or other
19 paper" under § 1446(b).

20 The Ninth Circuit has not squarely addressed this issue.  However, a majority of the courts that
21 have confronted this issue in the context of a motion to amend a complaint have held that a proposed
22 amended complaint cannot serve as a basis for removal and does not trigger the thirty-day window for
23 filing a notice of removal under § 1446(b); removal ripens only after the state judge grants the motion
24 to amend.  See Disher v. Citigroup Global Markets, Inc., 487 F. Supp. 2d 1009, 1016 (S.D. Ill. 2007)
25 ("This Circuit takes the view, followed by the majority of federal courts . . . [that] the event triggering
26 a right to remove is a state-court order granting a plaintiff's motion [to amend]."); Owings v. Deere &
27 Co., 441 F. Supp. 2d 1011, 1014 (S.D. Iowa 2006) (citing cases where the majority view was adopted).
28 As the Seventh Circuit explained:

5

> Until the state judge grant[s] the motion to amend, there [is] no basis for removal. Until then, the complaint d[oes] not state a federal claim. It [may] never state a claim, since the state judge [may] deny the motion. The statutory language that we quoted [28 U.S.C. § 1446(b)] speaks of a motion or other paper that discloses that the case is or has become removable, not that it may sometime in the future become removable if something happens, in this case the granting of a motion by the state judge.

Sullivan v. Conway, 157 F.3d 1092, 1094 (7th Cir. 1998).

District courts in the Ninth Circuit have generally followed the majority view. See Lucente S.P.A. v. Apik Jewelry, Inc., 2007 U.S. Dist LEXIS 99515, at *16 (N.D. Cal. Oct. 3, 2007) ("In the absence of controlling Ninth Circuit authority, the court concludes that the majority view that the thirty-day removal period begins when the state court grants leave to amend is the approach most often followed by courts in this circuit . . ."). For example, in Torres v. Chevron U.S.A., Inc., 2004 U.S. Dist LEXIS 21332 (N.D. Cal. Oct. 18, 2004), a plaintiff filed a motion for leave to amend the complaint to add a federal cause of action. Id. at *2. Before the state court ruled on the motion for leave to amend, the defendants removed the action to federal court. Id. The court noted and adopted the majority view that "removal on the basis of federal claims asserted in a motion to amend the complaint, prior to the court's ruling on the motion, is premature." Id. at *6 (citing Sullivan, 157 F.3d at 1094). Accordingly, the court remanded the action to state court. Id. at *9.

This Court adopts the majority view. In adopting the majority view, the Court recognizes that the instant case is, to some degree, different from the cases cited above. Unlike the cases cited above, this case is currently in an arbitration posture after having been ordered to the AAA by the state court when it granted Plaintiff's petition for arbitration. However, the Court is convinced that the difference is immaterial and the reasoning set forth in Sullivan applies with equal force here.

Under the AAA Commercial Arbitration Rules[1], once an arbitrator is appointed, a party may make "changes of claim," only if the arbitrator consents. The Commercial Arbitration Rules[2] of the

---

[1] The Court may take judicial notice of facts that are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b); United States v. Bernal-Obeso, 989 F.2d 331, 333 (9th Cir. 1993).

[2] The parties were advised that the arbitration "is currently being administered under the Commercial Arbitration Rules as amended and in effect on June 1, 2009 . . ." (Doc. 15, Ex. E at 1.) Moreover, R-1(a) provides, "The parties shall be deemed to have made these rules a part of their arbitration agreement whenever they have provided for arbitration by the American Arbitration Association . . ." Here, the parties agreed to arbitration by the AAA in their contracts. (E.g., Doc. 15,

6

AAA, rule R-6 reads:

> After filing of a claim, if either party desires to make any new or different claim or counterclaim, it shall be made in writing and filed with the AAA. The party asserting such a claim or counterclaim shall provide a copy to the other party, who shall have 15 days from the date of such transmission within which to file an answering statement with the AAA. After the arbitrator is appointed, however, **no new or different claim may be submitted except with the arbitrator's consent**.

(Emphasis added.) Notably, the arbitration panel in this case was selected on September 9, 2010 (Doc. 15, Ex. G at 1) and the proposed amended demand was filed on November 29, 2010 (Id., Ex. J). Thus, just like in state court, whether the claim can be amended is a discretionary decision which must be made by the arbitration panel. (Id. at ¶ 16; Doc. 18 at 8.) When Defendants received the proposed amended demand, they could not simply assume that it would become the operative claim; nor can the Court.[3] Therefore, until the arbitration panel grants Plaintiff leave to "change" its claim, there is no basis for removal, and the Court must conclude under these circumstances that Defendants filed their notice of removal prematurely.

Defendants argue that even if their notice of removal was prematurely filed, the Court should retain jurisdiction over this matter in the interest of judicial economy. In Defendants' words, "It would exalt '*form over substance*' and would clearly be a waste of judicial resources to remand the matter back to state court (or to the arbitrator) merely to have the case immediately removed again (back to Federal Court) once the arbitrator permits or grants leave to file the Amended Demand/Complaint." (Doc. 18 at 9.) The Court is not persuaded that this is the case and finds that remand, under these circumstances, is no idle act.

As noted above, there is no guarantee that the arbitrators will grant Plaintiff leave to change the claim. Thus, by remanding this matter, the Court ensures that it does not usurp the arbitrators' decision as to changes in the claims and does not infringe upon the rights of states to resolve disputes. Moreover, and more importantly, federal courts are courts of limited jurisdiction. 28 U.S.C. § 1331. "[F]ederal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly

---

Ex. A at 25.)

[3] The claims that will be made, ultimately, in the arbitration is uncertain especially in light of the fact that Plaintiff indicates a wish to file a second amended demand for arbitration. (Doc. 15, Ex. L.) Whether a third amended demand is contemplated is equally unknown.

7

pleaded complaint," not based upon what an amended pleading may present in the future. Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987); Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 577 (1999). ("[A] federal court may not hypothesize subject-matter jurisdiction for the purpose of deciding the merits."). "The requirement that jurisdiction be established as a threshold matter . . . is inflexible and without exception, for [j]urisdiction is power to declare the law, and without jurisdiction the court cannot proceed at all in any cause." Ruhrgas, 526 U.S. at 577 (1999) (internal quotation marks and citations omitted). Thus, the Court rejects Defendants' suggestion that the Court may overlook its lack of jurisdiction to proceed in this case in the name of judicial economy.[4]

### B.   Request for Attorney's Fees

Plaintiff seeks $2,125 in attorney's fees associated with the cost of opposing removal and seeking remand. Following remand of a case upon unsuccessful removal, the district court may award "just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005) (citations omitted).

In this case, while a closer call, the Court cannot conclude that Defendants lacked an objectively reasonable basis for removal. Although Defendants ultimately were unsuccessful in removing this case to federal court, the law in the Ninth Circuit was not so clear as to make Defendants' endeavor entirely frivolous. The Court therefore recommends that Plaintiff's request for attorney's fees be denied.

### IV.   CONCLUSION

In accordance with the above, it is **HEREBY RECOMMENDED** that:

---

[4] As an alternative to immediately remanding this case, Defendants request the Court stay these proceedings until the United States Attorney General certifies that Defendant Edward L. Fanucchi's actions were taken within the scope of federal employment. See 28 U.S.C. § 2679. The Court declines Defendants' request. Because removal was improper, the Court lacks subject matter jurisdiction over this case and is without authority to issue a stay. Moreover, Defendants suffer no hardship in the absence of a stay. Removal pursuant to 28 U.S.C. § 2679 may be made "at any time before trial." Plaintiff, however, will likely lose its forum in arbitration and will be left to languish in federal court, waiting for Defendants to obtain certification. A stay is inappropriate under these circumstances. See Landis v. North American Co., 299 U.S. 248, 255 (1936) (if there is a fair possibility that a stay would work damage to another party, a stay may be inappropriate unless the moving party shows "hardship or inequity"); see also Dependable Highway Express, Inc. v. Navigators Ins. Co., 498 F.3d 1059, 1066-67 (9th Cir. 2007) (reversing district court's stay where it was likely to do damage to the non-moving party and it was unclear when the stay might be lifted).

1. Plaintiff's motion to remand be **GRANTED**;
2. Plaintiff's request for attorney's fees be **DENIED**; and
3. The case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review these findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(c). The parties are advised that failure to file objections within the specified time may waive the right to appeal the district judge's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **March 9, 2011**                                                    /s/ Jennifer L. Thurston
                                                                        UNITED STATES MAGISTRATE JUDGE